UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD SHERRILL, ANTHONY DIPIERO, and HUNT AND HENRIQUES,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE EDWARD BOSTON,<br><br>Defendant. | Case No.: SACV 22-00691-CJC (KESx)<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

Defendant George Edward Boston removed this case from Orange County Superior Court on March 30, 2022. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) In his filing, Defendant failed to attach the state court complaint upon which his notice of removal ("NOR") is based, as required under 28 U.S.C. §§ 1441, 1446. Defendant's NOR also fails to include any descriptions of Plaintiffs' Complaint or the claims Plaintiffs have made against Defendant. This presents a problem because the United States Supreme Court "has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Home Depot U.S.A., Inc. v. Jackson*, 139

S.Ct. 1743, 1748 (2019). "This requires a district court to evaluate whether the plaintiff could have filed its *operative complaint* in federal court[.]" *Id.* (emphasis added).

Defendant seems to be under the mistaken impression that his claims against Plaintiffs may serve as the basis for subject matter jurisdiction. Defendant states that he is seeking removal pursuant to Rule 11, 28 U.S.C. §455 (Foreign Agent Registration Act of 1938), 15 U.S.C. §1692 (Debt Collection Practices Act), 18 U.S.C. § 1341 (Frauds and Swindles), 18 U.S.C. § 1843, and 18 U.S.C. § 1962 (Racketeer Influenced and Corrupt Organizations Act).[1] (NOR at 1.) These statutes are apparently part of the many violations of Defendant's "civil and constitutional protected rights" that Defendant would like vindicated. (*Id.*) But Defendant's potential counterclaims against Plaintiffs are not enough to invoke this Court's subject matter jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (The general removal statute does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court has "original jurisdiction" over the civil action.). Simply put, Defendant's NOR does not contain sufficient information for the Court to determine whether it has subject matter jurisdiction over this action.

Accordingly, the Court **ORDERS** Defendant to show cause in writing by **April 18, 2022** why this case should not be remanded for lack of jurisdiction. Plaintiffs may, but are not required to, file a statement by the same date.

DATED:     April 6, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[1] It appears that there is no Section 1843 of Title 18 of the United States Code. The Court assumes that the inclusion of this non-existent statute was a typographical error.