# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| DONALD SHERRILL, ANTHONY DIPIERO, and HUNT AND HENRIQUES,<br><br>       Plaintiffs,<br><br>  v.<br><br>GEORGE EDWARD BOSTON,<br><br>       Defendant. | Case No.: SACV 22-00691-CJC (KESx)<br><br><br>ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION |

Defendant George Edward Boston removed this case from Orange County Superior Court on March 30, 2022. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) In his filing, Defendant failed to attach the state court complaint upon which his notice of removal ("NOR") is based, as required under 28 U.S.C. §§ 1441, 1446. Defendant's NOR also failed to include any descriptions of Plaintiffs' the claims Plaintiffs made against Defendant. Subsequently, this Court issued an Order to Show Cause as to why the case should not be remanded for lack of subject matter jurisdiction. (Dkt. 9.) The Court explained that the failure to describe Plaintiffs' claims against Defendant presented a significant problem because the United States Supreme Court "has long held that a

district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1748 (2019).  "This requires a district court to evaluate whether *the plaintiff* could have filed its *operative complaint* in federal court[.]"  *Id.* (emphases added).

Despite being given the direction and opportunity to do so, , Defendant has failed to cure the jurisdictional problems with his NOR.  In his 94-page response to the Court's Order to Show Cause, Defendant again fails to attach the state court complaint and fails to explain how there is federal question jurisdiction or diversity jurisdiction over the action.  (Dkt. 11 [Defendant's Response to the Order to Show Cause].)  Instead, Defendant appears to double down on his improper argument that there is subject matter jurisdiction because of the apparent counterclaims he presents against Plaintiffs.  (*Id.* at 70–80.)  To support this proposition, Defendant attaches a document that appears to be a counterclaim against Plaintiffs, alleging violations of 28 U.S.C. §455 (Foreign Agent Registration Act of 1938), 15 U.S.C. §1692 (Debt Collection Practices Act), 18 U.S.C. § 1962 (Racketeer Influenced and Corrupt Organizations Act),  and 18 U.S.C. § 1341 (Mail Fraud).  (*Id.* at 7–8, 9.)  Defendant also alleges a claim for "legal prejudice," a claim for "failure to establish agency," and a claim for "the right to contract."  (*Id.* at 7–8.)  Again, Defendant's counterclaims against Plaintiffs are not enough to invoke this Court's subject matter jurisdiction.  *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (The general removal statute does not permit removal based on counterclaims.).

//
//
//
//
//

Accordingly, the Court **REMANDS** this case to Orange County Superior Court for lack of subject matter jurisdiction.

DATED:      April 18, 2022

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE